United States District Court
Southern District of Texas
**ENTERED**
June 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH  STEWART, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-514 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Kenneth Stewart is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the Mark Stiles Unit in Beaumont, Texas.  Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on November 29, 2016.[1]  Petitioner claims that his constitutional rights were violated during his trial and appellate proceedings. Respondent filed a motion to dismiss on February 22, 2017 to which Petitioner responded on March 20, 2017 (D.E. 8, 11).  For the reasons set forth below, it is recommended that Respondent's motion to dismiss be granted and Petitioner's Application for Habeas Corpus Relief be dismissed with prejudice because it is time-barred.  It is further recommended that any request for a Certificate of Appealability be denied.

---

[1] Petitioner stated under penalty of perjury that he placed his petition in the prison mailing system on November 29, 2016 and it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.

## JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper here because Petitioner was convicted in Nueces County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On May 27, 2010, Petitioner was indicted in the 117th Judicial District Court of Nueces County, Texas on sixteen counts of sexual misconduct against his daughter which began when she was four years old and continued throughout her childhood (I CR 3-7; D.E. 10-2 at pp. 6-10).[2]  The State abandoned three of the counts at trial and Petitioner, who was tried in front of a jury, was found guilty of seven counts of aggravated sexual assault of a child, two counts of sexual assault of a child, and four counts of indecency with a child.  Punishment was assessed at sixty years on each count of aggravated sexual assault of a child (Counts1-4 and 6-8) and 20 years on each count of sexual assault of a child (Counts 5 and 9) and indecency with a child (Counts 10-13) (II CR 458-700, 479-480; D.E. 10-6 at pp. 118-130, 139-140; *Ex Parte Stewart*, No. WR-80,147-02 at pp. 67-70; D.E. 10-10 at pp. 71-73).  The twenty-year sentences are to run concurrently with each other as are the sixty-year sentences, but the twenty-year sentences will not commence until the sixty-year sentences have ceased to operate (II CR 479; D.E. 10-6 at p. 139).

---

[2] "CR" refers to the Clerk's Record, located at D.E. 10-2 through 10-6.  In CM-ECF, parts of the Clerk's Record are labeled "Behavioral Records."

Petitioner filed a direct appeal and on June 7, 2012 the Thirteenth Court of Appeals affirmed the judgment. *Stewart v. Texas*, No. 13-10-00514-CR, 2012 WL 2052148 (Tex. App. –Corpus Christi 2012, no pet.)(located herein at D.E. 9-1). Petitioner, represented by counsel, next filed an application for habeas corpus relief in state court on July 23, 2013. *Ex Parte Stewart*, No. WR-80,147-01 at pp. 2-87 (D.E. 10-7 at pp. 7-92). On August 20, 2013 the state habeas court adopted proposed findings of fact and conclusions of law submitted by the State and recommended that habeas corpus relief be denied. *Id.* at pp. 121-125 (D.E. 10-8 at pp. 29-33). On December 18, 2013, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* at "Action Taken" page (D.E. 10-7 at p. 2).

Petitioner filed a second state habeas petition on June 2, 2016. *Ex Parte Stewart*, No. WR-80,147-02 at pp. 2-43 (D.E. 10-10 at pp. 5-46). The state habeas court entered findings of fact and conclusions of law and recommended that Petitioner's second habeas action be dismissed as successive, or, in the alternative, denied on the merits. *Id.* at pp. 78-80 (D.E. 10-10 at pp. 81-83). On October 5, 2016 the Texas Court of Criminal Appeals dismissed the petition as a subsequent application, pursuant to Tex. Code Crim. Proc. Art. 11.07, §4. *Id.* at "Action Taken" page (D.E. 10-9).

Petitioner filed this action on November 29, 2016 and alleges the following:

(1) His appellate attorney committed misconduct with the result that Petitioner is now barred by limitations from filing this federal petition;

(2) Petitioner's rights under the *Ex Post Facto* clause of the Constitution were violated by enactment of state law that reduced the evidentiary burden necessary to convict him;

(3) His appellate counsel was ineffective for failing to raise meritorious issues on appeal; and

(4) His trial counsel was ineffective because he

(a) failed to convey a 20-year plea bargain offer made the by State;
(b) failed to introduce credible, controverting testimony; and
(c) failed to object to inadmissible evidence of extraneous acts.

In her motion to dismiss, Respondent argues that Petitioner's cause of action is barred by the statute of limitations and not subject to equitable tolling.   Petitioner concedes that his federal application was untimely but contends that he is entitled to equitable tolling based on the holding in *Holland v. Florida*, 560 U.S. 631 (2010).

## APPLICABLE LAW

### A.  Statute of Limitations

Respondent asserts that Petitioner's application for habeas corpus relief was filed outside the one-year limitation period set by the AEDPA.   Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner's conviction became final on July 9, 2012, which was thirty days after the Thirteenth Court of Appeals affirmed the trial court judgment.  Tex. R. App. Proc. 68.2.  Petitioner had one year from that date, or until July 9, 2013, to file his federal petition.  He did not file it until November 29, 2016, more than three years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  *See also Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  Petitioner filed his first state habeas petition on July 23, 2013 and his second habeas action on June 2, 2016.  Neither action tolled the limitations period because they were filed after it had run.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Accordingly, Petitioner's habeas corpus action is barred by the AEDPA statute of limitations.

**B. Equitable Tolling**

"'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008)(quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).   The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.   *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).   A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims.   *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).   Nor do illiteracy, lack of legal training, or ignorance of legal rights toll the limitations period.   *Id.* (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1991) and *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."   *Coleman*, 184 F.3d at 402 (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).   A garden variety claim of excusable neglect does not support equitable tolling.   *Id.*   A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in the way of his timely filing his habeas petition.   *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).   The diligence required for

equitable tolling is reasonable diligence, not maximum feasible diligence. *Holland v. Florida*, 560 U.S. 631, 653(2010)(internal citations and quotations omitted).

### 1. Extraordinary Circumstance

Petitioner argues that he is entitled to equitable tolling because his appellate attorney deliberately filed the state habeas petition late, making it impossible for him to meet the federal filing deadline. In *Holland*, an attorney filed a state habeas action twelve days before the one-year federal habeas deadline expired. *Id.* at 635-636. The state court petition was pending for three years and during that time, the petitioner wrote several letters to his attorney, to the courts, and to the Florida Bar Association complaining that his attorney was not communicating with him and he did not know the status of his case. The petitioner also reminded the attorney of the importance of filing the federal habeas petition on time. *Id.* at 636-638.

The Florida Supreme Court denied the state habeas petition and at that point the petitioner had twelve days in which to file a timely federal petition. Petitioner's attorney did not contact him to let him know that the state habeas petition had been denied and did not file a federal petition on his behalf. Approximately five weeks after the state habeas petition was denied, the petitioner learned for the first time that the court had issued a final ruling in his case. He immediately prepared his own *pro se* petition and filed it in the federal court the next day. *Id.* at 639-640. Subsequent correspondence between the petitioner and his attorney showed that the attorney did not understand how to calculate the AEDPA statute of limitations or the law on tolling of limitations. *Id.* at 641-643.

After more correspondence between the petitioner and his attorney, and after the petitioner filed another complaint with the Florida Bar Association, the attorney filed an application for habeas corpus in federal court. *Id.* at 643. Both the Federal District Court and the Eleventh Circuit Court of Appeals found that the petitioner's habeas application was untimely and not subject to equitable tolling because the attorney at most had been "grossly negligent," which did not rise to the level of attorney misconduct. *Id.* at 643-644.

The Supreme Court first found that the AEDPA statute of limitations could be tolled for equitable reasons. *Id.* at 649. The Court noted that "'a garden variety claim of excusable neglect,'" such as a simple miscalculation of a deadline on the part of an attorney does not warrant equitable tolling. *Id.* at 651-652 (quoting *Irwin v. Dept. of Vet. Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). The Court next found that under the circumstances of the case, the attorney's failure to file the petition on time may have amounted to an "extraordinary" instance of conduct rather than simple negligence. The record showed that the attorney failed to file the federal petition on time despite the petitioner's many letters that emphasized the importance of doing so and set out the applicable filing deadlines. In addition, the attorney failed to inform the petitioner of the crucial fact that the Florida Supreme Court had decided his case, despite the petitioner's many letters requesting information. The attorney also let several years pass with no communication to the petitioner. *Id.* at 652. The Court found that the failures seriously prejudiced the petitioner by causing him to lose what was likely his single opportunity for federal habeas review. *Id.* at 653.

8 / 14

In this case, it is undisputed that Petitioner's attorney filed the state habeas petition approximately two weeks after the July 9, 2013 federal limitations period ran and therefore, the state court petition did not statutorily toll limitations.  Respondent contends that the failure to file by July 9 was "garden variety" neglect.  Petitioner counters that by missing the deadline his appellate attorney was more than negligent and that the failure rose to the level of misconduct and abandonment of Petitioner.  However, a review of the evidence submitted by Petitioner does not support his allegation.

Petitioner submitted copies of emails showing that in May and June of 2013 a private investigator hired by Petitioner was gathering affidavits to be submitted along with the state habeas petition (D.E. 2 at pp. 55-58).  Petitioner also provided copies of emails from June 2013 between the attorney and the victim, who wanted to submit an affidavit on Petitioner's behalf (D.E. 2 at pp. 59-60).  In addition, there is an email from Petitioner's wife to a person named "Leslie," who does not appear to be associated with the attorney's office, which states that according to the attorney and the investigator, the affidavits needed to be completed by the week of March 29, 2013 (D.E. 2 at p. 67).  None of the emails mention the need to file the state habeas petition by July 9, 2013 in order to toll the federal habeas deadline.

The only reference by the attorney to a filing date is an email to Petitioner's wife informing her that the state habeas action was filed on July 23, 2013.  The attorney informed Petitioner's wife that the State received its copy on July 29 and would have 20 days in which to file an answer (D.E. 2 at p. 66).  While it is clear that the Petitioner's

attorney filed the state habeas after the federal limitations period had passed, nothing in the record provides any explanation for why he might have done so.

In an affidavit attached to Petitioner's federal habeas application, Petitioner's wife stated that both the appellate attorney and the private investigator stressed the importance of a June 2013 deadline but did not explain to her the reason for the deadline. She also discussed the contents of the state habeas petition, which was filed on July 23, 2013. However, the affidavit is dated November 11, 2012, which undermines its credibility because Petitioner's wife would not have known about events in 2013 if she signed the affidavit in 2012 (D.E. 2 at p. 125). While the date may be a typographical error, it still is unclear when the affidavit was signed.

In any case, the behavior by Petitioner's attorney does not rise to the level of the behavior by the attorney in *Holland*. Petitioner's attorney may not have realized that the state court habeas petition needed to be filed by July 9, 2013 in order to toll the federal limitations period. Alternatively, he may have miscalculated the date, or knew what it was but let it pass without filing the petition. Regardless, Petitioner, who has the burden of showing that he is entitled to equitable tolling, *Phillips v. Donnelly*, 216 F.3d 508, 511 (2000), has not provided evidence to support his allegation that the attorney was more than negligent, or that he abandoned Petitioner when he failed to file the state habeas petition so that it tolled the statute of limitations on the federal petition. Accordingly, Petitioner has not shown that an extraordinary circumstance stood in the way of his timely filing his habeas petition.

### 2. Diligence

In *Holland*, The Court looked at the issue of diligence and noted that the district court had rested its ruling not on a lack of extraordinary circumstances, but on a lack of diligence. *Holland*, 560 U.S. at 653. The Court found that because the petitioner there had written many letters trying to ascertain the status of his case, and because he had filed his *pro se* petition the day after discovering the deadline had run, that equitable tolling should not have been denied for lack of diligence. *Id.*

Petitioner herein has not made a showing that he was diligent in pursuing his rights. The Texas Court of Criminal Appeals denied Petitioner's first state habeas action on December 18, 2013. Petitioner waited almost three years before filing an application for habeas relief in federal court. Although Respondent pointed out in her motion to dismiss that Petitioner had failed to show that he was pursuing his rights diligently, he did not respond to that argument or offer any explanation for why he waited so long.

In *Holland*, the petitioner was found to be diligent in part because he filed his *pro se* habeas petition the day after he found out the state court petition had been denied. In *Phillips*, the Fifth Circuit found that a petitioner acted with "diligence and alacrity" when he filed an out-of-time appeal within three days of receiving notice of the denial of his state habeas application and filed his federal habeas petition within one month of the denial of the out-of-time appeal. *Phillips*, 216 F.3d at 511. Conversely, in *Schmitt v. Zeller*, 354 Fed. Appx. 950, 951-952 (2009)(not designated for publication), the Fifth Circuit found that it was not plain error for a trial court to conclude that a petitioner did not act diligently when he waited ten months to file his *pro se* state habeas petition, waited eighteen months to inquire about its status when it had been denied approximately

11 / 14

twelve months before, and then waited fifty days after learning of the denial to file his federal petition.

Petitioner in this case has provided no explanation for why he waited approximately three years from the time his state habeas application was denied until he filed his federal application. Without doing so, he cannot show that he acted diligently in pursuing his rights. Because he has not met his burden of showing that he acted with diligence, it is recommended that his request for equitable tolling be denied.

## C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find it debatable that Petitioner's claims are time-barred.  Therefore it is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA.

## **RECOMMENDATION**

It is respectfully recommended that Respondent's motion to dismiss (D.E. 8) be GRANTED.  Petitioner's application for habeas corpus relief should be dismissed with

prejudice because it is time-barred.   It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 7th day of June, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.   Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).